SUMMERS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1913.)

No. 2,177.

JURY (§ 29*)—WAIVER—NECESSITY OF TRIAL—OVERRULING DEMURRER—REFUSAL TO PLEAD—JUDGMENT.

Code Cr. Proc. Alaska, § 97, provides that, if a demurrer to an indictment is disallowed, the court must permit accused at his election to plead, which he must do forthwith, or at such time as the court may allow, but, if he does not plead, judgment must be given against him. *Held*, that where, after the overruling of a demurrer, defendant elected to stand thereon and refused to plead further, there was no issue for trial to a jury; and hence it was no objection to the court's rendition of a judgment against accused, and sentence thereon, that he was entitled to a trial by jury, which he could not waive.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 197–203; Dec. Dig. § 29.*]

On rehearing. Denied.

For former opinion, see 202 Fed. 457.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error in his petition for rehearing represents that this court in its decision of the case

passed without consideration the contention that the court below, in imposing sentence upon him, denied him his constitutional right to a trial by jury, and argues that, as the offense charged was a felony, the plaintiff in error was without power to waive his right to a jury trial. There was no assignment to direct our attention to the alleged error, although it was mentioned in the briefs. But as it is now earnestly urged as ground for granting a rehearing, we deem it proper to present briefly our views upon the contention so made, while denying the petition.

The record shows that, the plaintiff in error having demurred generally to the indictment on the ground "that the facts stated do not constitute a crime," and the court having overruled the demurrer, the plaintiff in error, by permission of the court, withdrew his plea of not guilty, and gave notice of his election to stand upon the demurrer, and not further to plead, "and to take advantage of section 97 of the Alaska Criminal Code of Procedure, and to submit to judgment thereunder." That section provides as follows:

"That if the demurrer be disallowed, the court must permit the defendant, at his election, to plead, which he must do forthwith, or at such time as the court may allow; but if he do not plead, judgment must be given against him."

In the court below counsel for the plaintiff in error insistently contended that this section was applicable to the case at bar, and the court adopted that view, although the district attorney earnestly opposed the contention. Counsel for the plaintiff in error, notwithstanding this record of his attitude in the court below, now contends that the court erred in accepting his view of the law, and in not compelling the plaintiff in error to plead over and go to trial before a jury, and he cites decisions to the proposition that one who is accused of felony cannot waive his constitutional right to a jury trial. Those cases have no application here. There is no question here of a waiver of a jury trial. Here there was no issue to try, and therefore no occasion for a jury.

When a defendant demurs generally to an indictment, he admits all the facts alleged against him, and rests his defense on the judgment of the court whether those facts as pleaded constitute the crime charged. The plaintiff in error, by his demurrer to the indictment, declared in effect that he was guilty of the offense charged, provided that the indictment properly and lawfully set forth the facts which constituted the crime. After the demurrer was overruled, he had his right either to plead over or to stand on his demurrer, and thereby continue in the attitude of admitting to the court that he was guilty of committing the acts which were charged against him. He chose the latter course. At common law, in cases of misdemeanor, there was no right to plead over, and in cases of felony such, also, was originally the common law, although in later years the rule has been relaxed in felony cases, so as to recognize the power of the court in its discretion to allow the defendant to plead over. 2 Hale, P. C. 255; Reg. v. Faderman, 3 C. & K. 359; Reg. v. Hendy, 4 Cox, C. C. 243; Reg. v. Odgers, 2 M. & Rob. 479; State v. Wilkins, 17 Vt. 151. The statute above quoted expresses the common-law rule,

with the addition that the defendant shall have at his election the right to plead over.

In the brief filed in support of his petition for rehearing, counsel for the plaintiff in error insists that the courts are practically unanimous "in holding that, as to felonies, in the absence of statutory authority, a defendant cannot waive a jury trial, and an attempt to do so, followed by a trial before the court without a jury, will be of no avail, and a judgment rendered by the court will be erroneous, if not void." In the present case, however, as has been shown, there was and could have been no trial, and Congress by section 97 of the Alaska Criminal Code of Procedure expressly declared the consequence of the defendant's failure to raise an issue, namely, that there should thereupon be judgment against him.

The petition for rehearing is denied.